KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-4716
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>RICARDO GONZALEZ-NAVAREZ,<br><br>　　　　　Defendant. | Criminal Case No. 08cr2416-JLS<br><br>**RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:**<br><br>**(1) TO COMPEL DISCOVERY**<br>**(2) GRANT LEAVE TO FILE FURTHER MOTIONS**<br><br>Date:　August 29, 2008<br>Time:　1:30 p.m.<br>Courtroom: 6<br>The Honorable Janis L. Sammartino |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Response and Opposition to Defendant's Motion to Compel Discovery and Leave to File Further Motions. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts, Memorandum of Points and Authorities, as well as the Government's Motion for Reciprocal Discovery.

//

//

//

**I**

**STATEMENT OF FACTS**

**A.  Defendant's Apprehension**

On My 30, 2008, at approximately 7:00 a.m., Ricardo Gonzalez-Navarez ("Defendant"), a.k.a. Carlos Gonzalez-Gonzalez, drove a tan Toyota pickup truck bearing California license plate number 2F22766 to the Interstate 8 checkpoint near pine Valley, California with one passenger. He approached the primary inspection area, where Border Patrol Agent Christopher Mehmel observed that Defendant was not making eye contact and was moving side-to-side in his seat as if he was nervous. Defendant claimed to be a United States citizen. The passenger, later identified as Francisco Cortez-Tercera, said he lost his immigration documents and produced a California Drivers License. As his record was checked, he admitted that he was in the United States illegally. Both Defendant and Cortez were placed under arrest.

A records check based on Defendant's fingerprints revealed that he is a citizen and national of Mexico with an extensive immigration and criminal history.

**B.  Criminal and Immigration History**

Between 1981 and 1982, Defendant sustained four convictions for Illegally Entry in violation of Title 8, United States Code, Section 1325, in the United States District Court for the Southern District of California. On May 27, 1997, Defendant sustained a conviction for Being a Deported Alien Found in the United States in violation of Title 8, United States Code, Section 1326. In 2000, Defendant sustained two convictions – one in the Southern District of California and one in the District of Arizona – for Importation of Marijuana in violation of Title 21, United States Code Sections 952 & 960. Defendant received sentences of 12 months and a day in each case.

On June 7, 2002, Defendant sustained a conviction for False Statement to a Federal Officer in violation of Title 18, United States Code, Section 1001, for which the Honorable Barry Ted Moskowitz imposed a custodial sentence of 6 months. Defendant received an additional custodial sentence of 5 months when his supervised release was revoked on December 3, 2002. On January 25, 2005, Defendant sustained a conviction in the District of Oregon for Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g), for which he received a sentence of 37

months.

On August 30, 2002, Defendant was ordered removed to Mexico by Immigration Judge Anthony Atenaide. Defendant was again ordered removed to Mexico by an immigration judge in Tacoma, Washington on September 18, 2006. Defendant has been removed on at least three prior occasions, most recently on September 22, 2006.

## II

## DEFENDANT'S MOTIONS TO COMPEL DISCOVERY

The United States produced 247 pages of discovery between June 10, 2008 and July 17, 2008, including the reports from Border Patrol agents for his current and prior apprehensions, documents regarding Defendant's criminal history, and evidence of Defendant's immigration history.

**(A)** **Defendant's Statements**

The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to Defendant the substance of Defendant's oral statements and written statements. (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.) The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided.

The Government has no objection to the preservation of the agents' handwritten notes. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady material because, as discussed further, the notes do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If, during a future evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made available to Defendant.

1 //

2 **(B)    Defendant's Prior Record**

3 The Government has provided Defendant with documentation regarding his prior criminal
4 convictions and has thereby fulfilled its duty of discovery under Rule 16(a)(1)(D).[1/] See United States
5 v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).  To the extent that the Government determines that
6 there are any additional documents reflecting Defendant's prior criminal record, the Government will
7 provide those to Defendant.

8 **(C)    Evidence Seized**

9 The Government has produced copies of documents seized at the time of Defendant's arrest.
10 The Government will continue to comply with Rule 16(a)(1)(E)[2/] in allowing Defendant an opportunity,
11 upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession,
12 custody, or control, and that is either material to the preparation of Defendant's defense, or is intended
13 for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs
14 to Defendant.  The Government need not, however, produce rebuttal evidence in advance of trial.
15 United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

16 **(D)    Brady & Jencks Material**

17 The Government will perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose
18 material exculpatory information or evidence favorable to Defendant when such evidence is material
19 to guilt or punishment.  The Government recognizes that its obligation under Brady covers not only
20 exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf
21 of the United States.  See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley,
22 473 U.S. 667, 676-77 (1985).  This obligation also extends to evidence that was not requested by the
23 defense.  Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976).  "Evidence is

---

[1/]    Defendant requests evidence of his prior record pursuant to Rule 16(a)(1)(B).  The Government interprets this as a request pursuant to Rule 16(a)(1)(D), which is the section of the discovery rule pertaining to a defendant's prior record.

[2/]    Defendant requests this discovery pursuant to Rule 16(a)(1)(C).  Because Rule 16(a)(1)(C) only applies to organizational defendants, the Government interprets this as a request under Rule 16(a)(1)(E).

4

1 material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the
2 evidence been disclosed to the defense, the result of the proceeding would have been different.'"
3 Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality
4 is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514
5 U.S. 419, 436-37 (1995).

6 Brady does not, however, mandate that the Government open all of its files for discovery. See
7 United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). Under Brady, the United
8 States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United
9 States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other
10 sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the
11 defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999)
12 amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S.
13 Attorney could not reasonably be imputed to have knowledge or control over. See United States v.
14 Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the Government "to create
15 exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir.
16 1980), but only requires that it "supply a defendant with exculpatory information of which it is aware."
17 United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

18 Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal
19 Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination,
20 the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the
21 Government's possession that was made by the witness relating to the subject matter to which the
22 witness testified. 18 U.S.C. §3500(b). For purposes of the Jencks Act, a "statement" is (1) a written
23 statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially
24 verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement
25 by the witness before a grand jury. 18 U.S.C. §3500(e). If notes are read back to a witness to see
26 whether or not the government agent correctly understood what the witness was saying, that act
27 constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d
28 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). There is no

applicable Jencks material at this time. If the case proceeds to trial, the Government will produce any materials covered by the Jencks Act relevant to the testifying witness(es).

The Government has provided Defendant with the reports containing the names, work addresses, and telephone numbers of the inspectors, officers and special agents who asked questions of Defendant and found the marijuana in the vehicle. In its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). The Government objects to providing the home addresses or the home or personal cellular telephone numbers to Defendant. In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to trial. United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992); (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996); see also United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990) (holding that United States did not improperly deny defendant access to government witnesses whose telephone numbers and addresses the government refused to provide because defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the exercise of due diligence).

**(E)     Statements by Co-Conspirator or Co-Defendants**

The United States is unaware of any indicted or unindicted co-conspirators or co-defendants.

**(F)     Expert Witness Information**

If an expert witness is to be utilized at trial, the Government will provide notice prior to trial of any expert witnesses that will be called to testify at trial.

**(G)     Evidence To Be Used At Trial**

The Government will provide all evidence to be used at trial to Defendant as required by Rule 16, Brady, and Jencks. The Government is not all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady). Moreover, the Government need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

//

## III

## DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## V

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

### A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1), the Government requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in her case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness.  The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

### B.    Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by Defendant.  The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified.  However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before

trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## V**I**

## **CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny Defendant's motions, except where unopposed, and grant the Government's motion for reciprocal discovery.

DATED: August 14, 2008.

> Respectfully submitted,
>
> KAREN P. HEWITT
> United States Attorney
>
> /s/*Rebecca Kanter*
> REBECCA S. KANTER
> Assistant United States Attorney
> Attorneys for Plaintiff
> United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08cr2416-JLS |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| RICARDO GONZALEZ-NAVAREZ, ) | |
| ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

John R. Fielding, Jr.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2008.

                                              /s/ ***Rebecca Kanter***
                                              REBECCA S. KANTER